UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TROY COURTLAND SENEGAL, | ) | CASE NO. ED CV 10-00874 AHM (RZ) |
| Petitioner, | ) | |
| | ) | ORDER TO SHOW CAUSE |
| vs. | ) | RE TIMELINESS |
| | ) | |
| L. SMALL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

The Court issues this Order To Show Cause directed to Plaintiff because the face of the petition suggests that the action may be time-barred.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Harris v. Carter*, 515 F.3d 1051, 1054 n.5 (9th Cir. 2008).

The current petition was filed on June 11, 2010. From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

(a) On May 16, 2000, a Riverside County Superior Court jury convicted Petitioner of conspiracy to commit robbery, with enhancements for being armed with a firearm and acting to benefit a criminal street gang. He was sentenced to state prison for 23 years and eight months. Pet. ¶¶ 1-2.

(b) Petitioner did not appeal. His judgment of conviction became final two months later, after his 60-day deadline for filing a notice of appeal. *See* CAL. R. CT. 8.308(a) (former Rule 30.1)

(c) Over six years passed. On September 15, 2006 Petitioner filed a habeas corpus petition in the California Supreme Court. That court denied relief on April 11, 2007, with a citation ("See *In re Robbins* (1998) 18 Cal.4th 770, 780") indicating its view that Petitioner had not sought relief in a timely manner. *See* docket in *In re Senegal*, Cal. Supreme Ct. case no. S146585.

(d) Over two more years passed. On April 30, 2009 Petitioner filed another habeas petition in the California Supreme Court. On May 12, 2010, that court denied relief without comment or citation. *See* docket in *In re Senegal*, Cal. Supreme Ct. case no. S172533.

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It became stale after mid-July of 2001, one year after his conviction became final. Even if Petitioner

somehow enjoys a later starting date, in 2006, for his AEDPA limitations period, this action still would be untimely, for well over one year passed between (a) the California Supreme Court's April 2007 rejection of his first habeas petition and (b) Petitioner's next filing of any legal challenge to his conviction or sentence.

No basis appears in the petition for a later AEDPA-limitations-period starting date. Nor does the face of the petition disclose any basis for equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (equitable tolling of AEDPA statute requires petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"), *quoted in Harris, supra*, 515 F.3d at 1054-55.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause in writing why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: June 14, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE